**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BERNARD TARUC,

               Plaintiff,

        v.

PEE JAY AUTO BODY
COLLISION, INC., et al.,

              Defendants.

Case No. CV 25-5151-JPR

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; VACATING HEARING

On June 6, 2025, Plaintiff filed a Complaint against Pee Jay Auto Body Collision, Inc., and Rene Salgado Sotelo, claiming violations of the Americans with Disabilities Act of 1990, the Unruh Civil Rights Act, the California Disabled Persons Act, and California Health and Safety Code section 19955 and alleging negligence under state law as well. (Compl., ECF No. 1 at 4-10 (throughout, the Court uses the pagination generated by its Case Management/Electronic Case Filing system).)

Plaintiff purportedly served copies of the Summons, Complaint, and related documents on Valerie B. Ko, as agent for service of process for Pee Jay, by substitute service at the

1

business address on June 25, 2025 (Proof Serv., ECF No. 8 at 1), and on Sotelo by personal service the same day (Proof Serv., ECF No. 9 at 1).  Defendants failed to respond to the Complaint or otherwise appear.  The Clerk entered default against Sotelo on July 21 (see Default, ECF No. 11)[1] and against Pee Jay, on July 30 (see Default, ECF No. 13).

On August 1, 2025, the Clerk notified the parties that "pursuant to the Local Rules," the period to decline consent to the Magistrate Judge had expired and that all parties therefore had knowingly and voluntarily consented to proceed before the Magistrate Judge for all purposes.[2]  (See ECF No. 14.)

---

[1] On the Default entered against Sotelo, Defendant's name is spelled "Soleto."  (Default, ECF No. 11.)

[2] Those local rules, enacted in December 2024, provide that when a case is directly assigned to a magistrate judge upon filing, as here, a defendant's time to opt out of having that magistrate judge preside over the case for all purposes runs from when the Notice of Assignment to U.S. Magistrate Judge and Declination of Consent form was served on the defendant.  C.D. Cal. R. 73-2.1.  If the defendant does not timely affirmatively opt out of having the magistrate judge preside, the defendant will be deemed to have consented to such jurisdiction.  C.D. Cal. R. 73-2.2.  Here, Pee Jay Auto Body Collision's and Sotelo's time to opt out expired on July 9, and no declinations of consent were received before then. (See Proofs Serv., ECF Nos. 8, 9.)  It has not yet been resolved whether these rules as they apply to defendants who never appear are consistent with authority.  See Roell v. Withrow, 538 U.S. 580, 586 n.3, 590 (2003) (finding that consent to magistrate-judge jurisdiction may be implied when party whose express consent was not obtained "voluntarily appeared to try the case before the Magistrate Judge" and noting that "appearance" requires "overt act"); cf. Allen v. Meyer, 755 F.3d 866, 867-68 (9th Cir. 2014) (finding that consent could not be implied when defendants twice failed to respond to express inquiry about whether they consented to magistrate-judge jurisdiction even though defendants had taken affirmative step of filing reply brief to motion to dismiss after first such inquiry).  But this Court is of course subject to the Local Rules, and because there is no mechanism provided by those

On September 3, 2025, Plaintiff moved for entry of default judgment and set the motion for hearing on October 2.  Defendants did not oppose.  The Court finds the matter appropriate for decision without oral argument and takes the hearing off calendar.  See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, Plaintiff's Motion for Default Judgment is GRANTED.

## FACTUAL BACKGROUND

Plaintiff is a California resident with a physical disability.  (Compl., ECF No. 1 at 2.)  He "suffers from paraplegia and is substantially limited in his ability to walk."  (Id.)  He "requires the use of a wheelchair at all times when traveling in public."  (Id.)  Defendants are, or were "at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for an auto body shop ('Business') located at or about 655 Alderton Ave., La Puente, California."  (Id.)  The auto body shop is a "business establishment, open to the public, and is a place of public accommodation that affects commerce through its operation."  (Id. at 3.)

In March 2025, Plaintiff visited Defendant's auto body shop and "personally encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered."  (Id.)  Among them, Defendants "failed to provide at least one accessible entrance as

---

rules for this case to be reassigned to a District Judge in these circumstances, the Court provides Plaintiff with the relief to which it believes he is entitled.

required as the entrance had a step instead of a proper ramp." (Id.)  Plaintiff alleges that additional barriers to entry were identified after further site inspection.  (Id. at 4.)  Although he wishes to return and patronize the auto body shop, he is deterred from doing so because of the alleged violations.  (Id. at 3.)  Defendants have the "financial resources to remove the[] barriers without much difficulty or expenses" but have not done so or otherwise modified the business to conform to the accessibility regulations.  (Id. at 4.)

The Complaint seeks injunctive relief directing Defendants to comply with the ADA and Unruh Civil Rights Act; statutory, general, and treble damages; restitution; attorney's fees, expenses, and costs; prejudgment interest under California Civil Code section 3291; and "[s]uch other and further relief as the Court deems just and proper."  (Id. at 10.)

**LEGAL STANDARD**

Under Rule 55(b) of the Federal Rules of Civil Procedure, a court-ordered default judgment may be entered after entry of default by the court clerk under Rule 55(a).  A court's decision to enter default judgment is a "discretionary one."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).  When determining whether entry of default judgment is appropriate, courts consider the following seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

4

due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007) ("[I]n defaulting, defendants are deemed to have admitted all well-pleaded factual allegations contained in the complaints.").

## DISCUSSION

## I.   Subject-Matter Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject-matter jurisdiction over Plaintiff's ADA claim. See 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") & 1343(a)(3)-(4). In addition, the Court exercises supplemental jurisdiction over Plaintiff's state-law claims. See § 1367(a) (courts have supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

5

under Article III of the United States Constitution").[3]

**II.   Service of Process**

A federal court does not have jurisdiction over a defendant until the defendant has been served properly under Federal Rule of Civil Procedure 4.  <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 is a "flexible rule," however, and "should be liberally construed so long as a party receives sufficient notice of the complaint."  <u>Id.</u> (citations omitted).

A corporation may be served in a U.S. judicial district "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1).

An individual may be served in a U.S. judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," <u>id.</u> R. 4(e)(1), or by "delivering a copy of the summons and of the complaint to the individual personally," <u>id.</u> R. 4(e)(2)(A), among other methods. California Code of Civil Procedure section 415.20(a) authorizes substitute service on a corporation's designated agent by

> leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter

---

[3] Because the Court enters default judgment on all claims, the August 13, 2025 order to show cause (ECF No. 15) is discharged.

mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Copies of the Summons, Complaint, and other documents were served on Valerie B. Ko "as an authorized agent" for Pee Jay Auto Body Collision,[4] by substitute service at the business address on June 25, 2025 (Proof Serv., ECF No. 8 at 1), and on Sotelo by personal service on the same day (Proof Serv., ECF No. 9 at 1).

Thus, Defendants appear to have been properly served.

**III. Procedural Requirements**

Local Rule 55-1 requires the party moving for default judgment to submit a declaration that 1) states "[w]hen and against what party the default was entered"; 2) identifies the pleading as to which default was entered; 3) states "[w]hether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative"; 4) affirms that the Servicemembers Civil Relief Act does not apply; and 5) confirms that notice of the motion for default judgment has been served on the defaulting party, if required by Federal Rule of

---

[4] The Court takes judicial notice that Ko is listed as the agent for service of process for Pee Jay Auto Body Collision, Inc., on the California Secretary of State Business Search Website. See Cal. Sec'y State Business Search, https://bizfileonline.sos.ca.gov/search/business (go to "Business Entities," "Free Business Search & Copies," and enter "Pee Jay Auto Body Collision, Inc." in search box) (last visited Sept. 26, 2025); see, e.g., Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) ("The court will therefore take judicial notice of the business entity profiles on the California Secretary of State's website.").

Civil Procedure 55(b)(2).

Plaintiff's counsel submitted a declaration stating that 1) the Clerk entered default against Sotelo and Pee Jay, on July 21 and July 30, 2025, respectively; 2) default was entered on Plaintiff's June 6, 2025 Complaint; 3) Defendants are not infants or incompetent persons; and 4) Defendants are not in military service or otherwise covered by the Servicemembers Civil Relief Act. (Kim Decl., ECF No. 16-2 ¶¶ 3, 5.) Further, Plaintiff served the motion for default judgment on Defendants. (See Proof Serv., ECF No. 16-5 at 2.)

Accordingly, the procedural requirements have been satisfied.

**IV.    The _Eitel_ Factors**

A.    Possibility of Prejudice to Plaintiff

Under the first _Eitel_ factor, courts consider whether a plaintiff would be prejudiced without a default judgment. 782 F.2d at 1471. Generally, a plaintiff may suffer prejudice when there is no "recourse for recovery" other than default judgment. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) ("If the Court does not enter a default judgment, it will allow Defendant to avoid liability by not responding to Plaintiff's claims."). Because Defendants have not answered or otherwise appeared in this suit, Plaintiff will be without recourse for recovery and will likely suffer prejudice without default judgment.

For this reason, the first _Eitel_ factor weighs in favor of default judgment.

8

B.   Substantive Merits and Sufficiency of the Complaint

The second and third Eitel factors require that a plaintiff "state a claim on which the [plaintiff] may recover." PepsiCo, 238 F. Supp. 2d at 1175 (alteration in original).

As discussed below, the Complaint sufficiently raises a claim for violation of the Americans with Disabilities Act of 1990, the Unruh Civil Rights Act, the California Disabled Persons Act, and California Health and Safety Code section 19955 and for negligence under state law. (Compl., ECF No. 1 at 4-10.)

1.   The ADA claim

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). To succeed on such a claim, plaintiffs must establish that 1) they are disabled within the meaning of the ADA; 2) the defendant "is a private entity that owns, leases, or operates a place of public accommodation"; and 3) the defendant discriminated against them by denying them public accommodations because of their disability. Lopez v. Catalina Channel Express, Inc., 974 F.3d 1030, 1033 (9th Cir. 2020) (citations omitted).

a.   *Plaintiff's disabled status*

Under the ADA, disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities include "walking." § 12102(2)(A).

9

Plaintiff alleges that he "suffers from paraplegia" and "is substantially limited in his ability to walk." (Compl., ECF No. 1 at 2.) He "requires the use of a wheelchair at all times when traveling in public." (Id.) Because his impairments substantially limit his ability to walk, which is a major life activity, he has sufficiently alleged that he is disabled within the meaning of the ADA and has thus satisfied this factor.

### b. *Place of public accommodation*

The ADA provides that certain private entities, such as a "shoe repair service" and gas stations, are places of public accommodation "if the operations of such entities affect commerce." 42 U.S.C. § 12181(7)(F). An auto body shop is similar in kind to qualifying service establishments such as a gas station or a shoe repair service. See Fernandez v. Brother's Auto Repair, Inc., No. CV 19-5194 DSF (JEMx), 2020 WL 13916174, at *2 (C.D. Cal. Feb. 10, 2020) (finding that auto repair shop was "service establishment" and thus place of public accommodation under ADA).

Plaintiff alleges that the business is "an auto body shop business establishment, open to the public, and is a place of public accommodation that affects commerce through its operation." (Compl., ECF No. 1 at 3.) Accordingly, Plaintiff has sufficiently alleged that the business is a place of public accommodation.

### c. *Denial of public accommodation because of Plaintiff's disability*

Under the ADA, discrimination by a place of public accommodation may include "failure to remove architectural

10

barriers . . . in existing facilities, . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  The lack of a properly accessible entrance is an "architectural barrier."  See 28 C.F.R. § 36.304 (providing that place of "public accomodation shall remove architectural barriers" and that "[e]xamples of steps to remove barriers include . . . [i]nstalling ramps").  Plaintiffs bear the initial burden of showing that the required alterations would be "readily achievable."  Lopez, 974 F.3d at 1038.  To satisfy that burden, "ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances."  Id.  The ADA requires courts to consider four factors when determining if the removal of a barrier is readily achievable in a given situation.  The factors are

> (A) the nature and cost of the action needed [ ];

> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of

11

the facility or facilities in question to the covered entity.

Lopez, 974 F.3d at 1038 (citing § 12181(9)(A)-(D)).  But "plaintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier." Id.

Plaintiff alleges that Defendants "failed to provide at least one accessible entrance as required as the entrance had a step instead of a proper ramp."  (Compl., ECF No. 1 at 3.) Because of this and other unidentified barriers and conditions, Plaintiff was denied "full and equal access."  (Id.)

Plaintiff alleges in the Complaint that Defendants "had and still have the financial resources to remove the[] barriers without much difficulty or expenses."  (Id. at 4.)  He asserts in the motion that the required alteration "appears to be readily achievable and limited to some concrete work to have a ramp to the entryway, a temporary ramp made readily available during operating hours, or an alternate accessible entrance provided." (Mot. Default J., Mem. P. & A., ECF No. 16-1 at 9.)  Although Plaintiff certainly could and perhaps should have said more on this point, see, e.g., Benford v. Meza, No. CV 24-06883-MWF (JCx), 2025 WL 1720197, at *4 (C.D. Cal. Feb. 4, 2025) (denying motion for default judgment when plaintiff "provide[d] no information" as to size of barrier or cost to fix it), he has alleged the bare minimum of facts plausibly showing that removing the barrier is readily achievable because the costs of installing a ramp are likely relatively minimal, see Lopez, 974 F.3d at

1038.

For these reasons, the second and third Eitel factors weigh in favor of default judgment.

### 2. The state-law claims

The Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Under section 51(f), "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section."

Because Plaintiff has sufficiently pleaded an ADA claim, he has also adequately pleaded a claim under the Unruh Civil Rights Act. See id.

For these reasons, the second and third Eitel factors weigh in favor of default judgment.

### C. Amount at Stake

"The fourth Eitel factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct." Allstate Life Ins. Co. v. Markowitz, 590 F. Supp. 3d 1210, 1216 (C.D. Cal. 2022). Courts are required to "assess whether the recovery sought is proportional to the harm caused by defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). This factor weighs against default judgment when the sum of money at stake is too large or unreasonable given the defendant's conduct. KKMI

13

Sausalito, LLC v. Vessel "Self Inflicted", 428 F. Supp. 3d 200, 208 (N.D. Cal. 2019) ("A default judgment is only disfavored when a large amount of money is involved or is unreasonable in light of Defendant's actions.").

Plaintiff seeks injunctive relief and $4,000 in statutory damages, $2,425 in attorney's fees, and $725 in costs, for a total of $7,150. (Mot. Default J., ECF No. 16 at 2; Mem. P. & A., ECF No. 16-1 at 9, 11; Kim Decl., Ex. A, ECF No. 16-2 at 5-6; see also Compl., ECF No. 1 at 10.) Such an award is reasonably proportionate in this context. See, e.g., Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (finding that $13,739.20 judgment against defendant, consisting of statutory damages and attorney's fees and costs, was "neither too large nor to[o] unreasonable when balanced against [defendant's] actions" and that the relief was "needed" given defendant's "failure to appear and defend, and thus his failure to show that he has complied with the ADA or Unruh Act"), abrogated on other grounds by Lopez, 974 F.3d at 1038; Raglin v. May, No. 2:24-cv-06279-MEMF-MAR, 2025 WL 1018381, at *5 (C.D. Cal. Apr. 3, 2025) (finding that award of $4,000 damages and attorney's fees and costs of $3,245 weighed in favor of default judgment).

Accordingly, the fourth Eitel factor weighs in favor of default judgment.

D.   Possibility of Dispute

"The fifth Eitel factor considers the possibility of dispute as to any material facts in the case." PepsiCo, 238 F. Supp. 2d at 1177. As explained above, on default "the factual allegations of the complaint, except those relating to the amount of damages,

14

will be taken as true." TeleVideo Sys., Inc., 826 F.2d at 917-18. Here, Defendants have not appeared in this action and default has been entered, and it is thus unlikely that a dispute as to material facts will arise. See Elektra Ent. Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default . . ., there is no likelihood that any genuine issue of material fact exists.").

For these reasons, the fifth Eitel factor weighs in favor of default judgment.

E.    Possibility of Excusable Neglect

Under the sixth Eitel factor, courts consider the possibility that the default resulted from excusable neglect. 782 F.2d at 1472. Generally, this factor weighs in favor of default judgment if a defendant was properly served with the summons and complaint. See Allstate Life Ins., 590 F. Supp. 3d at 1216. Here, Defendants appear to have been properly served with the Complaint and Summons. (See Proofs Serv., ECF Nos. 8 & 9.) Thus, there likely is no excusable neglect. See Bailey v. Pot Shop Inc., No. 5:24-cv-01456-SSS-DTBx, 2024 WL 5423062, at *3 (C.D. Cal. Dec. 18, 2024) (sixth Eitel factor weighed in favor of default judgment because defendants were served with complaint and failed to act despite opportunity to do so).

For that reason, this factor weighs in favor of default judgment.

F.    Policy Favoring Decisions on the Merits

Default judgment is "ordinarily disfavored," and cases "should be decided upon their merits whenever reasonably

15

possible." Eitel, 782 F.2d at 1472.  Although this factor generally weighs against default judgment, it is "not dispositive."  PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted).

* * *

For all these reasons, the Eitel factors weigh in favor of default judgment.  The Motion is therefore GRANTED.

**V.   Requested Relief**

Plaintiff seeks injunctive relief, statutory damages, and attorney's fees and costs.  (Compl., ECF No. 1 at 10; Mot. Default J., ECF No. 16 at 2.)

A.   Injunctive Relief

The ADA provides for injunctive relief, which "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by" law.  42 U.S.C. § 12188(a)(2).  "[T]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief."  Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175 (9th Cir. 2010) (as amended) (citations omitted).

Here, as explained above, Plaintiff has stated a claim for violation of the ADA and can thus obtain an injunction ordering Defendant to provide an accessible entrance to the business compliant with the ADA.

B.   Statutory Damages

The Unruh Civil Rights Act provides for an award of damages "up to a maximum of three times the amount of actual damage but

16

in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). Prevailing litigants "need not prove [they] suffered actual damages to recover the independent statutory damages of $4,000." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007).

As explained above, Plaintiff prevails on his Unruh Civil Rights Act claim, as to which he requests the minimum $4,000; he has not asked for any other statutory damages. (See Mot. Default J., Mem. P. & A., ECF No. 16-1 at 6, 9.) Thus, he is entitled to statutory damages in the amount of $4,000.

C.    Attorney's Fees and Costs

Plaintiffs who prevail on ADA claims may be awarded "a reasonable attorney's fee, including litigation expenses, and costs." § 12205. The Unruh Civil Rights Act similarly provides for attorney's fees. See Cal. Civ. Code § 52(a).

1.    Attorney's fees

Generally, attorney's fees awarded on default judgment are calculated according to the fee schedule provided in Local Rule 55-3. For judgments in an amount between $1,000.01 and $10,000, attorney's-fees awards are $300 plus 10 percent of the amount over $1,000. Id. "An attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court." Id. If a party timely makes such a request, the court "must hear the request and award a 'reasonable' fee . . . without using the fee schedule as a starting point." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018). "The most useful starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 1158 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Plaintiff requests that the Court affix attorney's fees and argues that it is inappropriate to use Local Rule 55's default fee schedule. (Mot. Default J., Mem. P. & A., ECF No. 16-1 at 12-13.) He seeks $2,425 in attorney's fees, for 3.5 hours that Plaintiff's counsel, Jason J. Kim, billed at $500 an hour and 4.5 hours that a paralegal billed at $150 an hour. (Kim Decl., Ex. A, ECF No. 16-2 at 5-6.) The requested hourly rates are reasonable. See Harrell v. Restaurante, No. 5:24-cv-00938-SSS-SHKx, 2024 WL 5411194, at *5 (C.D. Cal. Dec. 17, 2024) (finding so in similar ADA case filed by Plaintiff's attorney).

Most of the paralegal's requested fees are not compensable, however. Plaintiff seeks $525 for 3.5 hours of paralegal time to eFile the initial pleadings and other case filings, create the case file, gather and copy documents, and calendar the order to show cause regarding supplemental jurisdiction and the motion for default judgment. (See Kim Decl., Ex. A, ECF No. 16-2 at 5-6 (billing entries from June 6 & 20; July 10, 21, & 29; Aug. 13; and Sept. 3, 2025).) These activities are clerical in nature, and Defendants shouldn't have to pay a paralegal's hourly rate for tasks that could have been performed by someone without such advanced skills and training. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead"); Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks

18

should not be billed at a paralegal rate, regardless of who performs them."); Operating Eng'rs' Health & Welfare Tr. Fund v. Ag-Tech Inc., No. 18-cv-05411-JSC, 2019 WL 5088804, at *8 (N.D. Cal. July 19, 2019) (reducing amount of attorney's fees requested by plaintiff on entry of default judgment to extent paralegal time was for clerical tasks, including eFiling documents and calendaring deadlines), accepted by 2019 WL 5103816 (N.D. Cal. Oct. 11, 2019); Moore v. Millenium Acquisitions, LLC, No. 1:14-cv-01402-DAD-SAB, 2017 WL 1079753, at *6 (E.D. Cal. Mar. 21, 2017) (reducing amount of attorney's fees requested by prevailing plaintiff in ADA accessibility action to extent paralegal time was for clerical tasks).  Thus, the Court reduces the number of paralegal hours by 3.5.

Plaintiff is thus awarded attorney's fees in the amount of $1,900, for 3.5 hours of attorney time at $500 an hour and one hour of paralegal time at $150 an hour.  That is "commensurate with the complexity level of these ADA cases."  Shayler v. 1310 PCH, LLC, 51 F.4th 1015, 1021 (9th Cir. 2022).

### 2.   Costs

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  The "prevailing party" is the "party in whose favor judgment is entered, unless otherwise determined by the Court."  C.D. Cal. R. 54-1.

Plaintiff seeks a total of $725 in costs, for purchase of a deed, gas and mileage reimbursement, the filing fee, and service of process.  (Mot. Default J., ECF No. 16 at 2; Kim Decl. & Ex.

A, ECF No. 16-2 at 3, 6.)  That total does not accurately represent the listed expenses, which in fact amount to $805. (See id.)  Subtracting the $80 for the second "Service of Process" reduces the total costs to the requested amount of $725. (See id.)  Because Plaintiff seeks only $725, the Court will not award the remaining $80 listed in the table of expenses.  And although he fails to support his request for the deed purchase and gas and mileage by providing receipts or other similar evidence, Plaintiff's counsel declares under penalty of perjury that a total of $725 in costs were incurred.  (Kim Decl., ECF No. 16-2 at 3.)  Thus, the Court grants these requests.  See Garcia v. Kim, No. CV 20-2136-KS, 2022 WL 3013238, at *10 (C.D. Cal. May 20, 2022) (accepting plaintiff's counsel's declaration that plaintiff incurred litigation expenses in similar ADA case in amount sought and awarding costs in that amount).  Accordingly, Plaintiff is awarded costs in the amount of $725.

For the above reasons, Plaintiff is entitled to a total fees and costs award of $2,625.

**CONCLUSION**

Consistent with the foregoing, the Court ORDERS as follows:

1.  Plaintiff's Motion for Default Judgment (ECF No. 16) is GRANTED;

2.  Judgment should be entered in favor of Plaintiff against Defendants Pee Jay Auto Body Collision, Inc., and Rene Salgado Sotelo in the amount of $6,625, consisting of $4,000 in statutory damages, $1,900 in attorney's fees, and $725 in costs; and

3.  Defendants are ORDERED to comply with the Americans

with Disabilities Act and the Unruh Civil Rights Act by providing an accessible entrance to the property located at 655 Alderton Avenue, La Puente, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

IT IS SO ORDERED.

DATED: September 26, 2025

JEAN ROSENBLUTH
U.S. Magistrate Judge